UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA VOS,

    Plaintiff,

v.

PROGRESSIVE CASUALTY INSUARANCE COMPANY,

    Defendants.

_____/

**COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT BASED ON DISABILITY; VIOLATION OF THE FAMILY MEDICAL LEAVE ACT; RETALIATION; AND DISCRIMINATORY DISCHARGE; AND DEMAND FOR JURY TRIAL**

Plaintiff, **Monica Vos,** brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **Progressive Casualty Insurance Company ("Progressive"),** and alleges the following:

**NATURE OF ACTION**

1. This is an action brought by **Vos** against Defendant **Progressive** based on its discrimination in employment against her based on discriminatory discharge because of her disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA), and in violation of the Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and based on Defendant's violation of the Family Medical Leave Act.

**JURISDICTIONAL AND VENUE**

2. The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district, and is also proper pursuant to Section 47.051. F.S..

## PARTIES

4  Plaintiff, **Vos**, is a female citizen of the United States and the State of Florida, City of Tampa, and County of Hillbourogh.

5. Defendant **Progressive** is an employer in an industry that affects commerce, and employs more than 15 employees for purpose of applicability of the FCRA and the Americans With Disabilities Act (ADA) of 1990, and more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended.

6. The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7. All conditions precedent to jurisdiction in this forum have occurred or have been complied with, to wit:  Plaintiff filed her Charge of Discrimination with the appropriate referral Agency; the Florida Human Relations Commission (FHRC) on or about January 29, 2020; and 180 days (6 months) have now passed without said agency having issued a Determination Letter in her cause; which fact makes it appropriate and proper that Plaintiff bring this action in this forum.

## FACTUAL ALLEGATIONS

8. Plaintiff, **Vos**, began her employment with Defendant in February of 1999.

9. In mid 1990, Plaintiff was diagnosed with two disabilities for which she required consistent medical treatment: 1) anxiety and 2) depression which two diagnosed

medical conditions/disabilities Plaintiff appropriately reported her to Defendant in the due course of her employment with Defendant.

10. Due to her two delineated disabilities, Plaintiff appropriately applied for intermittent FMLA leave every year for the past ten years she was employed by the Defendant.

11. In January 2019, Plaintiff appropriately recertified her need for intermittent FMLA leave with Defendant.

12. In January 2019, Plaintiff was approved by the Defendant to work remotely due to her two disabilities/documented medical conditions.

13. Subsequent to Plaintiff's recertification as delineated, her Medical Claims Manager, Michael Clark began to increase Plaintiff's workload; during this period of her need for intermittent medical leave no less; so much so that Plaintiff was reduced to begging Medical Claims Manager Clark and Manager Gordon Gregreolli for accommodations in her attempt for assistance just to keep up with said workload.

14. Plaintiff's medical leave, consequently, became more frequent from August 2019 to November 2019; Defendant's busiest period.

15. On or about November 25, 2019, Managers Clark and Gregreolli called Plaintiff in and terminated her employment as Medical Pay Representative.

### JURISDICTION AND FIRST CLAIM FOR RELIEF

16. Plaintiff, **Vos**, realleges paragraphs 8 through 15 as if specifically plead herein, and further states.

17. Plaintiff's first claim for relief is brought, and jurisdiction lies, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et*

*seq* ("ADA") and Chapter 760, Fla. Stat. prohibiting **discrimination** against **disabled individuals** in employment.

18. Defendant recognized/acknowledged **Vos'** two delineated/documented disabilities/medical conditions, and initially reasonably accommodated same.

19. Defendant eventually stopped reasonably accommodating **Vos'** two delineated/ documented disabilities/medical conditions and; instead, began disciplining her in retaliation - as a direct result of her two delineated/documented disabilities/medical conditions of which Defendant could and should have continued to reasonably accommodate her for.

20. At the time in question Defendant discriminated against Plaintiff because of her two delineated/documented disabilities/medical conditions by not continuing to consistently accord her requested reasonable accommodation, and by and in the manner in which it interfered with her FMLA benefits.

21. At all times relevant to the allegations of this lawsuit, Plaintiff **Vos** was a qualified individual under Title I of the ADA, and under the FCRA.

22. At the time Defendant discriminated against Plaintiff because of her two delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff's two delineated/documented disabilities/medical conditions substantially affected one or more of her major life activities and/or Plaintiff had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA and under the FCRA.

23. At the time Defendant discriminated against Plaintiff because of her two

delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff could have substantially performed the major functions of her job with reasonable accommodation as required under Title I of the ADA, and under the FCRA.

24. Consistent, reasonable accommodation was requested of Defendant by Plaintiff, in lieu of the aforedescribed continued employment discrimination, notwithstanding which requests, the discrimination continued.

25. Defendant discriminated against Plaintiff, as aforedescribed, because of her two delineated/documented disabilities/medical conditions, notwithstanding its full knowledge of same.

26. Defendant's discrimination against Plaintiff because of her two delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and in the discriminatory manner in which it handled her FMLA requests, was calculated to; and did, cause Plaintiff to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

### JURISDICTION AND SECOND CLAIM FOR RELIEF

27. Plaintiff, **Vos**, realleges paragraphs 8 through 26, as if specifically plead herein, and further states.

28. **Vos'** second claim for relief is brought, and jurisdiction lies, pursuant to 29 U.S.C.§ 2615, prohibiting interference with; or termination of, employment based on **protected FMLA leave** and for prohibited **FMLA retaliation**.

29. At all times relevant to the allegations herein, **Vos** was an "employee" of

Defendant within the meaning of 29 U.S.C.§ 2611(2)(A).

30. At all times relevant to the allegations herein, Defendant was an "employer" of **Vos** within the meaning of 29 U.S.C.§ 2611(4)(A).

31. At all times relevant to the allegations herein, **Vos** was considered by Defendant to have suffered a "serious condition" as defined by the FMLA.

32. Here, Plaintiff **Vos'** employment was terminated by Defendant in retaliation for her having engaged in the protected activity of seeking FMLA benefits in the first instance; benefits to which she was rightfully and lawfully entitled.

33. Here, the Defendant's interference with **Vos'** protected FMLA benefits or leave and/or termination of **Vos's** employment notwithstanding her available, protected FMLA benefits or leave, and Defendant's retaliation against Vos for seeking such benefits by and through terminating her employment were calculated to; and did, cause **Vos** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

## JURISDICTION AND THIRD FOR RELIEF

34. Plaintiff, **Vos**, realleges paragraphs 8 through 33, as if specifically plead herein, and further states.

35. **Vos'** third claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discriminatory discharge**.

36. Defendant intentionally discriminated against **Vos**, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), by discriminatorily discharging her because of her disability.

37. **Vos'** discharge was based on her disabilities/medical conditions and, thus, was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA); Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and in violation of the Family Medical Leave Act.

38. The discriminatory discharge of **Vos** by Defendants as aforedescribed was calculated to; and did, cause **Vos** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

WHEREFORE, **Fletcher** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

   A. Order Defendant to reinstate her to her job position;

   B. Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

   C. Grant her back pay, including lost benefits, she would have received had she not suffered the discriminatory discharge from her employment as delineated herein;

   D. Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings;

E. Enter judgment for Plaintiff for reinstatement of her job, and award her monetary losses she sustained, including benefits, raises, reasonable attorneys fees and costs, and liquidated damages in an additional amount equal to the sum of her actual damages plus interest pursuant to 29 U.S.C.§ 2617, and

F. Award to her reasonable attorney's fees and costs of this action.

Respectfully submitted,

**Maxie Broome, Jr., P.A.**

/s/Maxie Broome, Jr.
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 (telephone)
mbroomelaw@aol.com (email)
Attorney for Plaintiff